UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ERIN JONES,

                            Plaintiff,

                -against-

THE CITY OF NEW YORK,

                        Defendant.
------------------------------------------------------------------------x

**[PROPOSED] JOINT PRE-TRIAL ORDER**

17 Civ. 4894 (AT) (KP)

Plaintiff Erin Jones and Defendant the City of New York ("City" or "Defendant") submit this Joint Pretrial Order pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure and Section V.B of Judge Torres's Individual Rules and Practices in Civil Cases.

**i.      Full Caption of the Action**

The full caption appears above.

**ii.     Trial Counsel**

**Plaintiff:**
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, Floor 22
New York, New York 10011
(212) 849-7000
By:    Robert Raskopf
        robertraskopf@quinnemanuel.com
        Silpa Maruri
        silpamaruri@quinnemanuel.com
        Nicola Felice
        nicolafelice@quinnemanuel.com

**Defendant:**
James E. Johnson
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-1105
By:    J. Kevin Shaffer
        jshaffer@law.nyc.gov
        (646) 370-0695 (cell)
        Devin Cohen
        decohen@law.nyc.gov
        (516) 382-5470 (cell)

**iii.    Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

1

iv.     **Subject Matter Jurisdiction**

   a. **Plaintiff's Statement:** Plaintiff raises federal discrimination claims under 42 U.S.C. § 12112 et seq., this Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

   b. **Defendant's Statement**: Defendant does not dispute subject matter jurisdiction.

v.      **Claims and Defenses to be Tried**

   a. **Plaintiff's Claims:**

      i. This is an action for money damages and equitable relief brought by Plaintiff Erin Jones for violations of her rights under the Americans with Disabilities Act.

      ii. Plaintiff alleges that The City discriminated against her in violation of the Americans with Disabilities Act when they denied her reasonable accommodations for Plaintiff's known disability that would have allowed her to perform the essential functions of her job.  42 U.S.C. § 12182(b)(5)(A).

   b. **Defendant's Defenses:**

      i. On January 28, 2020, the Court granted Defendant's Motion for Summary Judgment with regard to all claims except failure to provide a reasonable accommodation pursuant to the ADA.  *See* ECF Dkt. No. 133 at p. 19.  Thus, Plaintiff's previously asserted claims of disparate treatment disability discrimination under the SHRL and CHRL, and retaliation pursuant to the ADA, SHRL, and CHRL, are not to be tried.  *Id.*

      ii. Additionally, on January 28, 2020, the Court dismissed as time-barred by the ADA's statute of limitations any claim of failure to provide a reasonable accommodation accruing prior to March 1, 2016.  *Id*. at p. 9.  Accordingly, any

allegations of failure to provide a reasonable accommodation based upon events occurring prior to March 1, 2016, are not to be tried. *Id*.

iii. The complaint fails to state a claim.

iv. Plaintiff fails to establish a *prima facie* case of disability discrimination based on a failure to accommodate.

v. Plaintiff cannot show that she was denied any reasonable accommodation.

vi. At all times, Defendant engaged in a good faith interactive process with plaintiff regarding her request for an accommodation and Plaintiff may not recover for any alleged failure to accommodate because she was responsible for the breakdown in the interactive process.

vii. Plaintiff's claim for damages is barred, in whole or in part, because Plaintiff has incurred no damages and/or has failed to mitigate her damages.

## vi.    Trial Duration

The parties request three to five trial days.  The case is to be tried to a jury.

## vii.    Stipulated or Agreed Statements of Fact and Law

There are no agreed upon statements of fact or law.

## viii.    Witnesses

| Witness Name | In Person/by Deposition | Summary of Testimony |
|---|---|---|
| **Plaintiff's Witnesses:** | | |
| Erin Jones | In Person | Erin Jones will give testimony relating to her disability, her efforts to obtain a reasonable accommodation from the City, and her efforts to return to work at the Brooklyn Court Section. |

3

| Dr. Walter Yee[1] | In Person | Dr. Yee will give expert testimony relating to Plaintiff's disabilities and her ability to perform the essential functions of her job. |
|---|---|---|
| Dr. David Lichtenstein | In Person | Dr. Lichtenstein will give testimony relating to his medical examination of Plaintiff and her fitness to return to her duties as a secretary at the Brooklyn Court section. |
| Dr. Arnold Goldman | In Person | Dr. Goldman will give testimony relating to his medical examination of Plaintiff on November 17, 2016, and her fitness to return to her duties as a secretary at the NYPD. |
| Sergeant Rebecca Mayo | In Person | Sergeant Mayo will give Testimony relating to the communications between the Plaintiff and the NYPD's MELD department concerning Plaintiff's efforts to return to work at the NYPD. |
| Darlene Page | In Person | Darlene Page will give testimony relating to Plaintiff's reasonable accommodation request and the processing of that request by DCEEO. |
| | | |
| **Defendant's Witnesses[2]:** | | |
| Lisa Atkinson | In Person | Ms. Atkinson will testify as to the New York City Police |

---

[1] Defendant intends to file a motion *in limine* to preclude the testimony of Dr. Yee, as Plaintiff has failed to previously disclose Dr. Yee as either an individual with knowledge or an expert pursuant to Fed. R. Civ. P. 26.

[2] Defendant reserves the right to call any individual listed on Plaintiff's trial witness list herein. Defendant reserves the right to call witnesses for purposes of impeachment or rebuttal.

4

| | | Department's reasonable accommodation procedures, how they were applied to Plaintiff, and the accommodation granted to Plaintiff. |
|---|---|---|
| Rebecca Mayo | In Person | Sergeant Mayo will testify about the claims and defenses in this case, including but not limited to, Plaintiff's employment, request for reasonable accommodation, and extended leave. |

### ix.    Deposition Designations

The parties do not designate any deposition testimony for trial.  The only deposition in this case was of Plaintiff Erin Jones who will be in attendance at trial.

### x.    Exhibit List

**Plaintiff's Exhibits[3]:**

Plaintiff reserves the right to offer all or some of the following Exhibits during its case-in-chief, and reserves the right to utilize all exhibits proffered by Defendant, as well as additional exhibits exchanged during discovery for rebuttal purposes.

| Ex. No. | Bates No. | Description | Objections |
|---|---|---|---|
| 1 | D_000001-102 | 1995-2001 Executed Citywide Agreement | FRE 402, 403 |
| 2 | D_000334 | February 14, 2017 Letter from Dr. Walter Yee | FRE 802 |
| 3 | D.I. 129 at 54 | August 1, 2016 Letter from Dr. Walter Yee | FRE 402, 403, 802 |

---

[3] Defendant objects to the admission of any exhibit for which a proper foundation has not been laid at the time of trial, even those exhibits which Defendant does not dispute are authentic and/or otherwise admissible.  Defendant further objects to any exhibit Plaintiff seeks to introduce during her case-in-chief which was not identified in this proposed exhibit list.  Furthermore, while Plaintiff has provided identification for most of exhibits based on Bates stamps, Plaintiff has not provided copies of any pre-marked exhibits and the Defendant reserves its right to further objections upon receipt of pre-marked exhibits.

| Ex. No. | Bates No. | Description | Objections |
|---|---|---|---|
| 4 | D_000335 | August 8, 2016 Letter from Dr. Walter Yee | FRE 402, 403, 802 |
| 5 | D_000375 | July 28, 2015 Assignment to Military and Extended Leave Desk | FRE 402, 403 |
| 6 | D_000142 | May 13, 2016, Final Extension of Sick Leave of Absence | FRE 402, 403 |
| 7 | D_000337 | July 15, 2016 Letter from Dr. Walter Yee | FRE 402, 403, 802 |
| 8 | D_000401 | July 20, 2016, Notice of Intended Action | No objection subject to proper foundation |
| 9 | D_000383 | October 24, 2016 Internal Memo re Request for Medical Evaluation for Fitness for Duty | FRE 402, 403 |
| 10 | D_000384 | August 9, 2016 Internal Memo re Request for Medical Evaluation for Fitness for Duty | FRE 402, 403 |
| 11 | D_000386 | March 16, 2017 Letter re Request for Reasonable Accommodation | No objection subject to proper foundation |
| 12 | D_000389 | First Endorsement re Termination under Section 73 of the New York State Civil Service Law | FRE 402, 403 |
| 13 | D_000391 | February 1, 2017 Letter re Request for Reasonable Accommodation | No objection subject to proper foundation |
| 14 | D_000392 | February 1, 2017 Notice of Intended Action Letter | No objection subject to proper foundation |
| 15 | D_000393-95 | Certified Mail Receipt | FRE 402, 403, 802 |
| 16 | D_000397-98 | September 15, 2016 Reasonable Accommodation Request | FRE 802, 106 – incomplete, omits one page of accommodation request submitted as Plaintiff's Ex. 19, and Section II of Reasonable Accommodation Request form, bearing Bates No. D_000439 |
| 17 | D_000438 | August 23, 2016 Internal Memorandum re Fitness for Duty Evaluation | FRE 402, 403 |
| 18 | D_000955 | August 23, 2016 Civilian Request for Evaluation of Fitness for Duty | No objection subject to proper foundation |

| Ex. No. | Bates No. | Description | Objections |
|---|---|---|---|
| 19 | D_000539-541 | September 15, 2016 Reasonable Accommodation Request with Sergeant Mayo's notes | FRE 802 |
| 20 | D_000403-407 | Description of Secretary Duties and Responsibilities | FRE 402, 403, 802 |
| 21 | D_000440 | October 20, 2016, Internal Memorandum re Scheduling Medical Evaluation | No objection subject to proper foundation |
| 22 | D_000947 | October 24, 2016, Civilian Request for Evaluation of Fitness for Duty | FRE 402, 403, 802 |
| 23 | D_000441 | November 17, 2016, Dr. Goldman's Medical Evaluation Notes | FRE 802 |
| 24 | D_000443 | November 17, 2016 Note Regarding Medical Evaluation | FRE 802 |
| 25 | D_000444 | December 23, 2016 Internal Memo re Approved Request for Reasonable Accommodation | FRE 402, 403 |
| 26 | D_000456 | December 23, 2016 Letter re Approved Request for Reasonable Accommodation | No objection subject to proper foundation. |
| 27 | D_000445-46 | Reasonable Accommodation Request | FRE 802, 106, and duplicative of Plaintiff's Exs. 16, 19 |
| 28 | D_000462-470 | Communication Reports | FRE 802, and Plaintiff submits several records which should be individually numbered as exhibits. |
| 29 | D_000471-72 | Reasonable Accommodation Request Report | FRE 402, 403, 802 |
| 30 | D_000387-88 | May 3, 2017 Termination Letter | FRE 403 |
| 31 | D.I. 129 at 73 | March 29, 2017 Letter to MELD re Status of Reasonable Accommodation Request | FRE 402, 802 |
| 32 | P000129 | September 27, 2016 Letter to Assistant Director of Local 1549 re Status of Reasonable Accommodation Request | FRE 402, 403, 802 |
| 33 | D.I. 129 at 125-158 | 2015 City of New York Reasonable Accommodation Procedural Guidelines | FRE 402, 403, 802 |
| 34 | D.I. 122-14 | Administrative Guide – Reasonable Accommodations for Employees and Applicants | FRE 402, 403, 802 |
| 35 | D_000479- | City of New York Payroll Management | FRE 402, 403, 802 |

| Ex. No. | Bates No. | Description | Objections |
|---|---|---|---|
| | 487 | System – Erin Jones Pay Summary | |
| 36 | D_000488-496 | City Human Resource Management System – Erin Jones Pay Details | FRE 402, 403, 802 |
| 37 | D_000383 | Request for Medical Evaluation for Fitness for Duty | FRE 402, 403, 802 |
| 38 | D.I. 129 at 84-91 | The City of New York Office of Labor Relations, 2008 to 2010 Clerical Agreement | FRE 402, 403, 802 |
| 39 | D.I. 129 160-61 | New York City Citywide Administrative Services, Employment History Retirement Benefits | FRE 402, 403, 802 |

**Defendant's Exhibits[4]:[5]**

| Ex. | Bates No. | Description | Objections |
|---|---|---|---|
| | | | |

---

[4] Pursuant to the Court's Individual Rules, Defendant does not include exhibits which it intends to use for purposes of impeachment or rebuttal. Further, Defendant reserves the right to amend and/or supplement this document at a later time in accordance with all applicable laws and rules and with permission of the Court. Defendant reserves its right to offer any of the exhibits identified by Plaintiff

[5] Plaintiff objects to Defendant's reservation of rights to the extent that Defendant implies that it can offer exhibits at trial as part of its case-in-chief that were not disclosed herein.

xi.   **<u>Damages</u>**

**Plaintiff's Statement[6]:** Plaintiff requests injunctive relief in the form of reinstatement, compensatory damages, front pay, back pay, costs, and attorneys' fees under the Americans with Disabilities Act. *See* 42 U.S.C. § 1981a(b); *id.* § 12117(a); *id.* § 2000e-5(g), (k).

xii.   **<u>Less than Unanimous Verdict</u>**

The parties do not consent to a less than unanimous verdict.

Dated: New York, New York
         May 8, 2020

Respectfully submitted,

| | |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP | James E. Johnson |
| Attorneys for Plaintiff | Corporation Counsel of the City of New York |
| 51 Madison Avenue, Floor 22 | Attorney for Defendant |
| New York, New York 10011 | New York City Law Department |
| (212) 849-7000 | 100 Church Street |
| | New York, New York 10007 |
| | (212) 356-1105 |

By: /s/ Nicola Felice                          By: 

         Robert Raskopf                                  J. Kevin Shaffer
         Silpa Maruri                                        Devin S. Cohen
         Nicola Felice

SO ORDERED:


                                                  _____
                                                  Hon. Analisa Torres, U.S.D.J.

---

[6] Defendant objects that Plaintiff's statement of damages does not comply with the Court's Individual Rules, which require "[a] statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages."

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing motion was served on all counsel of record for the parties via CM/ECF on May 8, 2020.

/s/ Nicola Felice