UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ERIN JONES,

                              Plaintiff,

        - against -

THE CITY OF NEW YORK,

                            Defendants.

**JOINT PROPOSED JURY INSTRUCTIONS**

Case No. 17-cv-04894-AT-KHP

------------------------------------------------------------x

The parties, plaintiff **ERIN JONES** ("Plaintiff"), by her attorneys, **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, and defendant **THE CITY OF NEW YORK** ("Defendant" or "City"), by its attorneys, **NEW YORK CITY LAW DEPARTMENT OFFICE OF THE CORPORATION COUNSEL**, as for their Joint Jury Instructions set forth as follows:

## I.    INITIAL INTRODUCTORY INSTRUCTIONS

**Conflicting Instruction No. 1:**

**Plaintiff's Instruction:**    **Nature of Plaintiff's Claims**

In this case, Plaintiff Erin Jones makes a claim based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with a reasonable accommodation if necessary, to perform the essential functions of the job.  Terms such as "disability," "qualified individual," and "reasonable accommodations" are defined by the ADA and later I will instruction you on the meaning of those terms.

Ms. Jones's claim under the ADA is that The City of New York denied her a reasonable accommodation to which she was entitled based on her disability.  The City denies Ms. Jones's claim that it violated the ADA.

As you listen to the following instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the ADA.  So please remember to consider the specific definitions I give you rather than using your own opinions of what these terms mean.

**Defendant's Objection:**  Defendant objects to this instruction in its entirety.  Defendant submits that the Court should begin it's charge with Instruction No. 2 below. The Defendant submits that this charge, as constructed, improperly discusses certain selective portions of the underlying, substantive law before the Court instructs the jury on the applicable law under the ADA.

**Plaintiff's Response:**  Plaintiff maintains that Instruction No. 1 is necessary to orient the jury to the nature of the case.  The Third Circuit, for instance, includes a similar introductory instruction in its Model Civil Jury Instructions.  *See* Model Civ. Jury Instr. 3rd Cir.  § 1.2 (2017) (adapted).

**Joint Instruction No. 1:        Introduction**

Ladies and gentlemen of the jury, we are about to begin the trial of the case you heard about during the jury selection.  Before the trial begins, I am going to give you instructions that will help you understand what will be presented to you and how you should conduct yourself during trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.  The party who sues is called the plaintiff. In this action, the plaintiff is Erin Jones.  The parties being sued are called defendants.  In this action, the defendant is The City of New York.

Over the course of this trial, you will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court." When I say, "admitted into evidence" or "received into evidence," I have ruled that this particular statement or the particular exhibit may be considered by you in making decisions you must make at the end of the case.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible.  You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  When I "sustain" and objection, I am excluding that evidence from this trial.  When you hear that I have "overruled"

an objection, I am permitting that evidence to be admitted.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inference or conclusions from the question.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

During the course of the trial I may ask a question of the witness. If I do, that does not indicate that I have any opinion about the facts in the case.

The lawyers are not allowed to speak with you during the case. If you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but I ask that you keep in mind the importance of the matter you are here to determine and ask that you will be patient even though the case may seem to go slowly.

**SOURCE:**  3 O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions* ("Fed. Jury Prac. & Instr."), § 101:01, 30, 31, 49 (6th ed.); 4 Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, Modern *Federal Jury Instructions-Civil* ("Modern Fed. Jury Instr.-Civil"); Model Civ. Jury Instr. 3rd Cir. 1.1-1.12 (2017) (adapted).

**Joint Instruction No. 2:        Order of Trial**

The first step in the trial will be the opening statements. In her opening statement, plaintiff's counsel will tell you about the evidence that plaintiff intends to put before you, so that you will have a preview of what his case is going to be. It is important that you remember that the opening statement is not evidence. Its purpose is only to help you understand what the evidence will be and what plaintiff will try to prove.

After plaintiff's opening statement, counsel for defendant will make an opening statement. Similarly, it is important for you to keep in mind that this opening statement is not evidence. At this point in the trial, neither side has offered any evidence.

After both sides have made their opening statements, plaintiff will call her first witness or otherwise offer evidence that she says will support her claim against the defendant. Defendant's counsel will have an opportunity to cross examine plaintiff's witnesses. After plaintiff has had a chance to show you her evidence, defendant may present evidence on its behalf.  Plaintiff's counsel will then have an opportunity to cross examine defendant's witnesses.

After you have heard all the evidence on both sides, counsel for plaintiff and counsel for defendant will each be given time for their closing arguments. I just told you that the opening statements are not evidence. The same applies to the closing arguments, which are not evidence either. In their closing arguments, the lawyers for plaintiff and defendant will attempt to summarize their cases and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decision. Your deliberations will be secret. You will never have to explain your verdict to anyone.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:02-03 (6th ed.) (adapted).

**Joint Instruction No. 3:     Province of Judge and Jury**

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial.  After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. By your verdict, you will decide disputed issues of fact.

I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply. In other words, as Judge, I will decide which rules of law apply to this case. I will make those decisions in response to questions raised by the parties as we go along and also in the final instructions given to you after the evidence and arguments are completed. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

As the jury, you will decide whether plaintiff has proved, by a preponderance of the evidence, that defendant violated the law. You must base that decision only on the evidence in the case and my instructions about the law.

I am permitted to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.); *see also Care Travel Co. v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 991 (2d Cir. 1991) ("[A] federal district judge who conducts a jury trial has the duty to see that the facts are clearly presented . . .. In order to do so, the judge  is permitted to summarize the evidence for the jury and, if he chooses, to comment on it.  In addition, a judge may also interpose relevant questions to witnesses to clarify both legal and factual issues and thus minimize possible confusion in the jurors' minds.").

**Joint Instruction No. 4:        Jury Conduct**

Ladies and gentlemen, to ensure fairness to the parties in this action, you must obey the following rules:  Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until after you have reached your verdict. If someone should try to talk to you about the case before then, please report it to me immediately.

During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  Do not do any research, such as checking dictionaries or searching the Internet, or make any investigation about the case, the parties, the witnesses, or the attorneys on your own.

Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.  If you need to tell me something, simply give a signed note to the clerk to give to me.  To reiterate, during the course of the trial you will receive all the evidence you properly may consider to decide the case. You, as jurors, must decide this case

based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I expect you will inform me if you become aware of another juror's violation of these instructions.  The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:11-13 (6th ed.) (adapted).

**Joint Instruction No. 5: Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I have already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**SOURCE:** Instruction 71-6, <u>Modern Federal Jury Instructions—Civil</u> (LexisNexis 2009 ed.).

9

**Joint Instruction No. 6:        Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nothing I may have said during the trial or what I may say in these instructions is evidence pertaining to any fact. In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the either of the parties has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 103:01, 103:10 (6th ed.); 71 Modern Fed. Jury Instr.-Civil 71.01, 71-1, 71-2.

**Joint Instruction No. 7:        Duty of Impartiality**

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion.

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about one of the parties. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All litigants are equal before the law and are entitled to the same fair consideration as you would give any other individual party.

All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

**SOURCE:**  4 Modern Fed. Jury Instr.-Civil 71.01, 71-4, 72.01, 72-1; 3 Fed. Jury Prac. & Instr. §§ 103:01, 103:10, 103:12 (6th ed.).

**Joint Instruction No. 8:        Burden of Proof**

This is a civil case. As I mentioned earlier, the plaintiff here is suing the defendant for damages under the laws that prohibit disability discrimination. Plaintiff has the burden to prove every essential element of her claim by a preponderance of the evidence.

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. One way to think about this is as follows: if you were to put all of the evidence in favor of plaintiff, and all of the evidence in favor of defendant on opposite sides of a scale, plaintiff would have to make the scale tip somewhat to her side, however slightly. If, in your view, the scale tips in plaintiff's favor, she has met her burden, and your verdict must be for plaintiff. If plaintiff fails to meet this burden, your verdict must be for defendant.

If plaintiff fails to establish any element of her claim by a preponderance of the evidence, you should find for the defendant as to that claim. I will explain these elements to you in detail.

Please keep in mind that, when assessing whether a party has met its burden of proof on any claim, the question is not which party called the greater number of witnesses, or how much

time one party or another spent on that claim during the trial. Your focus must always be on the

quality of the evidence: its persuasiveness in convincing you of its truth.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 101:41, 104:01 (6th ed.) (adapted); Modern Fed. Jury Instr.-Civil 73.01, 73-1, 73-2; *see also* Model Civ. Jury Instr. 9th Cir. 1.3 (2007); Model Civ. Jury Instr. 3rd Cir. 1.10 (2011).

## II.    INITIAL INSTRUCTION AS TO EVIDENCE

**Joint Instruction No. 9:        Evidence in this Case**

The evidence in the case consists of the following:  the sworn testimony of the witnesses, no matter who called the witness; all exhibits received in evidence, regardless of who may have produced the exhibits; and all facts that may have been judicially noticed, admitted by the parties or stipulated to between the parties, and that you must take as true for purposes of this case.

Where I have declared that I have taken judicial notice of some fact or event, you must accept that fact as true.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. Furthermore, if a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact.

Any evidence as to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.  Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.) (adapted).

**Joint Instruction No. 10:      What is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers; questions and objections of the lawyers; testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:44 (6th ed.).

**Joint Instruction No. 11:      Credibility of Witnesses**

As the trial proceeds, the parties in this action will present you with the evidence they will use to make their cases. They will ask you to draw very different conclusions about various factual issues in the case.

In deciding the facts, you will have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

In this process, ladies and gentlemen, you are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  It is your job to decide how believable each witness was in his or her testimony.

How do you determine where the truth lies?  You will watch each witness testify. Everything a witness says or does on the witness stand counts in your determination.  How did the witness impress you?  Did he/she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his/her demeanor -- that is, his/her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he/she says it that moves us.

18

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.  You should consider the opportunity the witness had to see, hear, and know the things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, the reasonableness and probability of his/her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

To repeat, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 101:43; 105:01 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 76.01, 76-1 -- 76-4; *see also Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952) ("[Jury] should [] take into consideration the whole nexus of sense impressions which they get from a witness.").

## III.   <u>CONCLUDING INSTRUCTIONS</u>

**Joint Instruction No. 12:  Duties of Jurors**

Members of the jury, now that the evidence is in and counsel have summed up their contentions, the time has come for us to perform our respective functions in the administration of justice in this case.

As I stated to you at the outset, it is my duty to instruct you as to the principles of law to be followed, and it is your duty to accept those instructions as they are given by the Court and apply them to the evidence in this case.  In performing your function, you should not single out any one instruction as stating the law, but, rather, should consider these instructions as a whole.

The instructions to you will consist of three sections.  First, I will give you some general instructions applicable in every case.  Second, I will instruct you regarding the specific issues that will need to be decided by you in this case relating to alleged discrimination and damages.  Finally, I will give you some instructions regarding the conduct of your deliberations.

In defining the duties of the jury, let me first give you a few general rules:

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them to be from the evidence in the case.

The questions that you must decide will be submitted to you in the form of a special verdict consisting of specific questions for you to answer.  You must answer these questions by applying the facts as you find them to be.  I shall give to you the rules of the law that apply to these questions.  You must apply them in arriving at your answers.

You are not to single out any one instruction alone as stating the law, but, instead, must consider the instructions as a whole.  Nor are you to be concerned with the wisdom of any rule of law stated by me.  You are obligated to follow the law.

2

Nothing I say in these instructions is to be taken as an indication that the Court has any opinion, one way or the other, about the facts of the case. It is not my function to determine the facts, but rather that is your function.

You must perform your duties as jurors without bias or prejudice as to any party. You must follow the law as I give it to you, whether you agree with it or not. The law does not permit you to be governed by sympathy, prejudice, or public opinion. You are to treat all parties equally. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

**SOURCE:**    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §103.01 (5th ed. 2000).

2

**Joint Instruction No. 13:  Preponderance of the Evidence**

In this case, the burden of proving the case is on the Plaintiff.  Plaintiff must prove each and every element of her claim by a "preponderance of the evidence."

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so.  The phrase "preponderance of the evidence" refers to the quality of evidence – the weight and effect it has on your mind.  It does not mean the greater number of witnesses or the greater length of time taken by either side.  You should conclude that a fact has been proven by a preponderance of the evidence if you find that the scales tip, however slightly, in favor of the party with the burden of proof as to that fact.

A "preponderance of the evidence" means the greater part of the evidence.  In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.  Plaintiff cannot almost prove her claim.  She must prove every element by a preponderance of the evidence.  Sympathy or assumptions cannot replace proof of evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof does not establish any of the elements of Plaintiff's claim by a preponderance of the evidence in this case, you should find for the Defendant.  If you find that the evidence weighs so evenly that you are unable to say that there is a preponderance of evidence on either side, then Plaintiff has not proven her case by a preponderance of the evidence and you must find for the Defendant.

**SOURCE:**    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§171.60, 171.61 (5th ed. 2000); 4 Modern Federal Jury Instructions-Civil P. 73.01 (2019); <u>Nissho-Iwai Co., Ltd. v. M/T Stolt Lion</u>, 719 F.2d 34, 38 (2d Cir. 1983); <u>Burka v. New York City Transit Auth.</u>, 739 F. Supp. 814, 843, n.23 (S.D.N.Y. 1990).

**Joint Instruction No. 14:  Direct and Circumstantial Evidence**

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence: the proof of a chain of circumstances from which another fact may be inferred.

To illustrate what I mean by circumstantial evidence, let me give you an example.  Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day.  In the courtroom, however, the shades are drawn, and you cannot see outside.  As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas.  From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining.

Having told you that the law recognizes both direct and circumstantial evidence, let me also instruct you that the law makes no distinction between the weight to be given to either direct or circumstantial evidence.

As I said before, which of the admitted evidence you will accept as authoritative is up to you.  However, you may consider only what has been admitted as evidence in this trial – things that the Court has ruled inadmissible may not be considered.  And, of course, it is for you to interpret the evidence.

**SOURCE:**    4 L. Sand, *et al*, <u>Modern Federal Jury Instructions</u>, §74-2 (2001) (modified); 4 Modern Federal Jury Instructions-Civil P. 74-2 (2019).

**Joint Instruction No. 15:    Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or conclusions that reason, and common sense lead you to draw from facts established by the evidence in the case.

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**SOURCE:** 3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 75.01.

6

75-1; *see also Schulz v. Pennsylvania R. Co.*, 350 U.S. 523, 526 (1956) ("The very essence of [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable. Fact finding does not require mathematical certainty. Jurors are supposed to reach their conclusions on the basis of common sense, common understanding and fair beliefs, grounded on evidence consisting of direct statements by witnesses or proof of circumstances from which inferences can fairly be drawn."); *Wilkins v. American Export Isbrandtsen Lines, Inc.*, 446 F.2d 480, 484 (2d Cir. 1971) ("Of course, in some situations proof of one fact provides a basis for inferring another.").

**Joint Instruction No. 16:     Credibility of Witnesses**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true, and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor--that is, his or her behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

As I mentioned before the trial began, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. In other words, consider any relation each

8

witness may have with either side of the case, the manner in which each witness might be affected by the verdict.

You should consider the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case, the opportunity the witness had to see, hear, and know the things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, his/her intelligence, and the reasonableness and probability of his/her testimony. Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. Always remember that you should use your common sense, your good judgment and your own life experience. After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

Please keep in mind that the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**SOURCE:** 3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 76.01, 76-1.

**Joint Instruction No. 17:      Prior Inconsistent Statements**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. Evidence of a prior inconsistent statement or conduct is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement is before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony. If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**SOURCE:** 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.); 4 Modern Fed Jury Instr.-Civil 76.01, 76-5; *see also Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 44 (2d Cir. 2000) ("To the extent that there is a conflict in a witness's testimony, such a conflict affects the weight of the testimony, not its admissibility.  The weighing of the evidence is a matter for the trier of fact.") (internal citations omitted).

**IV.    CLAIMS & DAMAGES/SUBSTANTIVE LAW**

Now that I have given you general instructions on the law, I will turn to the specific instructions concerning the allegations made in this case.

I am going to briefly state the contentions of the respective parties.  In stating these contentions, I express no opinion of the facts, because you are the sole judges of the facts.  If I should inaccurately or insufficiently state any particular fact in this case, then you are to disregard that, as you alone are the judges of the facts.  You will consider all the facts, the testimony from the stand, the physical facts and all legitimate inferences.

Plaintiff claims that Defendant discriminated against her on the basis of her disability, by denying her a reasonable accommodation.  She brings her claim pursuant to the Americans with Disabilities Act.  Defendant denies that Plaintiff was denied a reasonable accommodation.

Source:        O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §175.1 (6th ed. 2014)

**Joint Instruction No. 18:    Title I of the ADA**

The Federal statute in this action is Title I of the ADA, which provides that an employer may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with a reasonable accommodation if necessary, to perform the essential functions of the job.

> "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

> "[T]he term 'discriminate against a qualified individual on the basis of disability' includes -- (5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability,

11

if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant . . . ."


**SOURCE:**    42 U.S.C. § 12112(a), (b); *see also McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009).

**Joint Instruction No. 19: Failure to Accommodate Claim Under the ADA**

I will now explain several general principles regarding your analysis of Plaintiff's claim and the elements that she must prove to establish her claim the Americans with Disabilities Act. Plaintiff brings her claim under the Americans with Disabilities Act ("ADA"), which prohibits discrimination against people with disabilities. Plaintiff claims that she was denied a reasonable accommodation in violation of the ADA. In order to prevail, Plaintiff must establish, by a preponderance of the evidence that:

**(1)** She is a person with a disability under the meaning of the ADA;

**(2)** an employer covered by the statute had notice of her disability;

**(3)** she is a "qualified individual" able to perform the essential functions of the Secretary III position with a reasonable accommodation;

**(4)** the employer refused to make such accommodations;

To facilitate a reasonable accommodation, the ADA envisions an interactive process that requires good faith communication and participation by both parties. "[T]he interactive process must ordinarily begin with the employee providing notice to the employer of the employee's disability and any resulting limitations, and expressing a desire for reassignment if no reasonable accommodation is possible in the employee's existing job . . . Once the employer's responsibilities within the interactive process are triggered by appropriate notice by the employee, both parties have an obligation to proceed in a reasonably interactive manner to determine whether the employee would be qualified, with or without reasonable accommodations." Neither party may create or destroy liability by causing a breakdown of the interactive process.

**SOURCE:**    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §175.1 (6th ed. 2014).Authority: 42 U.S.C. § 12112(b)(5); <u>White v. York Int'l Corp</u>., 45 F.3d

357, 361 (10th Cir. 1995); <u>Smith v. Midland Brake, Inc.</u>, 180 F.3d 1154, 1172 (10th Cir. 1999); <u>Albert v. Smith's Food</u>, 356 F.3d 1242, 1253, citing <u>Davoll v. Webb</u>, 194 F.3d 1116, 1133 (10th Cir. 1999).

.

<u>**Conflicting Instruction No. 2:**</u>

**Plaintiff's Instruction:        Definition of Disability**

Under the ADA, the term "disability" means a physical impairment that "substantially limits" a "major life activity," such as performing manual tasks, walking, breathing, standing, and working.

The term "physical impairment" means any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as the respiratory cardiovascular systems.

The term "substantially limits" must be construed broadly in favor of expansive coverage. It is not meant to be a demanding standard. An impairment is a disability within the meaning of the ADA if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.

Please keep in mind that the definition of "disability" is to be construed in favor of broad coverage of individuals. The primary question for you to decide is whether Defendant has complied with its obligations under the ADA, not whether an individual's impairment substantially limits a major life activity. Accordingly, the threshold issue of whether an impairment "substantially limits" a major life activity should not demand an extensive analysis.

**SOURCE:** Federal Jury Practice & Instruction §172:30 (6th ed.); 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2.

**Plaintiff's Explanation for Conflicting Instruction No. 2:** Plaintiff's Proposed Instruction provides the jury with the necessary context for making sense of the ADA's broad concepts— "major life activity," "physical impairment," "disability," etc., concepts that a lay person might otherwise interpret as being narrower or more demanding than Congress intended. *See* 42 U.S.C. § 12102(4) ("Rules of construction regarding the definition of disability"); *Kopchik v.*

15

*Town of E. Fishkill, New York*, 759 Fed. App'x 31, 37 (2d Cir. 2018) ("a regulation enacted pursuant to the ADA Amendments Act of 2008 provides that '[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage, ... [and] is not meant to be a demanding standard.'") (quoting 29 C.F.R. § 1630.2(j)(1)(i)).  Plaintiff's proposed instruction also appropriately apprises the jury of the fact that although disability is an issue on which Plaintiff bears the burden, that burden is slight and the issue itself is not the focus of the dispute the jury will decide at trial.

**Defendant's Instruction:**

Plaintiff is required to prove by a preponderance of the evidence that she had a disability. A "disability" in this context is a physical or mental impairment that substantially limits one or more major life activities.  A "physical impairment" is a condition that prevents the body from functioning normally. A "major life activity" is an activity that is centrally important to everyday life, including the operation of major bodily functions.

Sources: 42 USC § 12102(1)(A); 29 CFR § 1630.2

16

**Joint Instruction No. 20:  Definition of "Reasonable Accommodation"**

A "reasonable accommodation" means any reasonable change in the work environment or in the way things are customarily done in the workplace that enables a qualified individual with a disability to perform the essential function[s] of the job [held or desired] [or to enjoy the same benefits and privileges of employment that are available to others who do not have disabilities.]  A reasonable accommodation may include: (1) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (2) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modification of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations.

A "reasonable accommodation" does not include: changing or eliminating essential functions of the position, creating a new position, providing a promotion, assigning another employee to perform an essential function of the position, or accommodations that create an "undue hardship" on the employer. Nor is the employer necessarily obligated to provide the accommodation requested by the employee, if other reasonable accommodations exist that the employer has offered to provide.

SOURCE:    42 U.S.C. § 12111(9); 29 C.F.R 1630.2(o); Hennagir v. Utah Dep't of Corrections, 587 F.3d 1255, 1264-65 (10th Cir. 2009); Mason v. Avaya Communications, Inc., 357 F.3d 1114, 1122-23 (10th Cir. 2004); Smith v. Midland Brake. Inc., 180 F.3d 1154, 1161 (10th Cir. 1999); Davidson v. America Online, Inc., 337 F.3d 1179, 1192 (10th Cir. 2003); Martin v. Kansas, 190 F.3d 1120, 1133 (10th Cir. 1999).

17

## IV - AS TO DAMAGES

**Joint Instruction No. 21:  Damages Generally**

I will now instruct you on how to award damages.  The fact that I am giving you instructions on the subject of damages should not be construed by you as indicating that I believe you should find for Plaintiff.  That is entirely up to you.  As a judge, I am required to instruct all juries on damages in all cases whether or not there is merit to a plaintiff's claims.

Compensatory damages are designed to restore the Plaintiff to the same position she was in prior to the injury; that is, to compensate for the damage suffered as a direct result of the Defendant's conduct.  You may not presume that Plaintiff has been damaged.  The burden is on Plaintiff to prove each item of her damages by a preponderance of the credible evidence. The damages you award must be based on the evidence presented at trial, not on speculation or guesswork.  The Plaintiff has an obligation to show sufficient facts and circumstances to permit you to make a reasonable estimate of each item of damages.  If Plaintiff fails to do that, then Plaintiff cannot recover for that item of damages.

The Plaintiff has a duty under the law to "mitigate" her damages—to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the Defendant's actions or omissions.  The Defendant has the burden of proving that the Plaintiff failed to mitigate.  If the Defendant persuades you, by a preponderance of the evidence, that the Plaintiff has failed to take advantage of an opportunity that was reasonably available to her, then you must reduce the amount of the plaintiff's damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

18

In determining the amount of damages, you must exercise good judgment and common sense. The purpose of a damage award is to make a Plaintiff whole, that is, to compensate for the injuries, if any, that resulted from the Defendant's violation of her legal rights. The damages that you award should be fair and reasonable, neither inadequate nor excessive.

**SOURCE:**    29 U.S.C. § 2617(a)(1)(A); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 171:90, 171:91, 171:92 (5th ed. 2000).

19

**Joint Instruction No. 22:  Nominal Damages**

If you return a verdict for plaintiff, but she has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

**SOURCE:**    Federal Jury Practice & Instructions § 172:73 (6th ed.)

**Conflicting Instruction No. 3:**

**Plaintiff's Instruction:  Compensatory Damages for Violation of the ADA**

If you find a violation of the ADA, then you must consider the issue of compensatory damages.  You must award plaintiff an amount that will fairly compensate her for any injury she sustained as a result of defendant's conduct.  The award of compensatory damages is meant to put plaintiff in the position she would have occupied if the discrimination had not occurred.  Plaintiff has the burden of proving damages by a preponderance of the evidence.

In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that plaintiff experienced as a consequence of defendant's unlawful act.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.

**SOURCE:** Federal Jury Practice & Instructions § 172:70 (6th ed.); (adapted from) Fed. Civ. Jury Instr. 3rd Cir. 9.4.1 (2018).

**Plaintiff's Explanation for Conflicting Instruction No. 3:**  Plaintiff's Proposed Instruction uses the language recommended in the model Federal Jury Instructions for informing the jury of the proper approach to compensatory damages for mental anguish, pain, or suffering, injuries, an issue of particular importance in human rights cases like this, "where mental suffering is not only compensable ... but also a frequent . . . consequence of unlawful discriminatory conduct." *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 192 (E.D.N.Y. 2006), *aff'd*, 531 F.3d 127 (2d Cir. 2008).  Defendant's proposed instruction, though otherwise similar to Plaintiff's, provides no guidance on this subject and may leave the jury with the impression that such damages may not be awarded.

21

**Defendant's Instruction:**

Compensatory damages are designed to restore the plaintiff to the same position he or she was in prior to the injury – that is, to compensate them for the damage suffered as a direct result of the defendant's conduct.

You may not presume that the plaintiff has been damaged. The burden is on the plaintiff to prove each item of her damages by a preponderance of the evidence. The plaintiff is not required to prove the amount of her damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. At the same time, the damages you award must be based on the evidence presented at trial, not on speculation or guesswork. The plaintiff has an obligation to show sufficient facts and circumstances to permit you to make a reasonable estimate of each item of damages. If the plaintiff fails to do so, she cannot recover for that item of damages.

In determining the amount of damages, you must exercise good judgment and common sense. The purpose of a damage award is to make the plaintiff whole - that is, to compensate her for the injuries, if any, which resulted from the defendant's violation of the plaintiff's rights. The damages that you award should be fair and reasonable, neither inadequate nor excessive.

**SOURCE:** MFJI: Instruction 77-3 and 88-38.

22

**Conflicting Instruction No. 4:**

**Plaintiff's Instruction:**        **Back Pay**

If you find a violation of the ADA, plaintiff may also recover the wages and other benefits she would have earned if she had not been discriminated against by defendant. An award of back pay runs from the date of the discriminatory action to the date of the judgment. Therefore, in awarding back pay, you must determine the damages that plaintiff is entitled to from the day defendant took discriminatory action against her to the present. In other words, you must determine the total amount of compensation plaintiff would have earned between the time defendant began subjecting her to unlawful conduct through the present day. In making this determination, you should include the loss of any overtime pay, raises, benefits, promotions, training opportunities, and other compensation increases or payments necessary to make plaintiff whole in determining your total award of back pay damages.

**SOURCE:** *Gatti v. Community Action Agency of Greene County, Inc.*, 263 F. Supp. 2d 496 (N.D.N.Y. 2003) (plaintiff who has proven employment discrimination claim was entitled to back pay from date of discharge until date of judgment); *Taddeo v. Ruggiero Farenga, Inc*., 102 F. Supp. 2d 197, 198 (S.D.N.Y. 2000) (back pay encompasses the time period between the firing and court judgment, offer of reinstatement, or better employment, but "interim" earnings, less than those previously paid, are applied to mitigate a continuing injury however, if despite reasonable efforts plaintiff has no earnings in that period, nothing mitigates him damages); Federal Jury Practice & Instructions § 172:70 (6th ed.); (adapted from) Fed. Civ. Jury Instr. 3rd Cir. 9.4.3 (2018).


**Defendant's Objection:**   Defendant objects to this instruction in its entirety.   Plaintiff's remaining claim to be tried is for an alleged failure to accommodate under the ADA.  Plaintiff's claims, under the ADA, the NYSHRL, and the NYCHRL, alleging a retaliatory termination were dismissed by the Court.  *See* ECF Dkt. No. 133.  Plaintiff was on unpaid leave at the time she made all of her requests and was properly separated from service pursuant to Section 73.  Thus, plaintiff is not entitled to any back pay award and is limited to any emotional or nominal damages to be awarded if she is successful at trial.

**Plaintiff's Response:**  "The ADA provides that a successful plaintiff shall have available the same remedies that would be available to a plaintiff pursuant to Title VII."  *Rosso v. PI Mgmt. Assocs., L.L.C.*, No. 02 CIV. 1702, 2005 WL 3535060, at *15 (S.D.N.Y. Dec. 23, 2005) (citing 42 U.S.C. § 12117(a)). Therefore, "***back pay***, reinstatement, and front pay are available in

23

disability discrimination cases." *Tse v. New York Univ.*, 190 F. Supp. 3d 366, 371 (S.D.N.Y. 2016) (citing 42 U.S.C. § 2000e-5 (g)) (emphasis added).  The purpose of back pay is to "completely redress the economic injury the plaintiff has suffered as a result of discrimination." *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir.1993) (citation omitted). "In general, a plaintiff in an employment discrimination case is entitled to back pay from date of the discrimination through the date of judgment." *Tse*, 190 F. Supp. 3d at 371.  Plaintiff is alleging that Defendant discriminated against her in violation of the ADA.  If the jury finds Defendant liable for such discrimination, Plaintiff is entitled to back pay from the date of discrimination through the date of judgment.  *See id.*

24

**<u>Conflicting Instruction No. 5:</u>**

**Plaintiff's Instruction: Front Pay**

You may also award what are called front pay damages. Front pay is separate and distinct from back pay. The purpose of front pay is to compensate an employee who had been discriminated or retaliated against for any continuing harm caused by her employer's failure to accommodate.

In calculating front pay, you must determine the total salary, benefits and other compensation that plaintiff would have received from the date of the verdict and forward if she had not been subjected to defendant's failure to accommodate. In other words, you must determine how many years into the future that compensation should be awarded based on how long you believe that plaintiff will continue to suffer from the effects of defendant's failure to accommodate. You should also include any anticipated pay raises, step increases, cost of living increases, health benefits, fringe benefits, and other compensation increases or payments necessary to make plaintiff whole in determining your total award of front pay damages. You may consider the number of years between the verdict up to the anticipated date that plaintiff would be eligible for retirement.

**SOURCE:** *U.S. v. Burke*, 504 U.S. 229, 229 n.9 (1992) (defining front pay as award for future lost earnings); *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724 (2d Cir. 1984) (holding district courts may, in appropriate circumstances, award front pay in employment discrimination cases as relief when plaintiff cannot be reinstated to his or him former position); *Vernon v. Port Auth. of New York and New Jersey*, No. 95 Civ. 4594, 2003 WL 1563219, *7 (S.D.N.Y. Mar. 26, 2003) (front pay award calculated as ceasing when plaintiff is first eligible for retirement); *Ward v. New York City Transit Auth.*, No. 97 Civ. 8550, 1999 WL 446025, *8-9 (S.D.N.Y. June 28, 1999) (awarding 12 years of front pay was neither speculative nor unreasonable); Federal Jury Practice & Instructions § 172:72 (6th ed.); (adapted from) Fed. Civ. Jury Instr. 3rd Cir. 9.4.4 (2018).

**Defendant's Objection:** Defendant objects to this instruction in its entirety. Defendant incorporates the objections to Conflicting Instruction No. 4. In addition to those arguments, the

jury should not be charged on front pay, as front pay is equitable relief which can only be awarded by the Court. *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005) (under Title VII, "[b]ecause a lost wages award-whether in the form of back pay or front pay-is an equitable remedy, a party is generally not entitled to a jury determination on the question.); *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 157 (2d Cir. 2001) ("Because back pay and front pay have historically been recognized as equitable relief under Title VII, neither party was entitled to a jury trial . . . ."); *see also* 42 U.S.C. § 12117(a) (the remedies available under the ADA are identical to those under Title VII); *Morse v. JetBlue Airways Corp.*, 2014 U.S. Dist. LEXIS 78778, at \*7 (E.D.N.Y. June 9, 2014) ("Under the ADA, both back pay and front pay are equitable remedies," and thus, "are determined by the court.") (citations omitted).

**Plaintiff's Response:**  Courts in the Second Circuit have allowed juries to be instructed on, and award, front pay in employment discrimination cases. *See, e.g.*, *Rosso*, 2005 WL 3535060 at \*15 ("The ADA provides that a successful plaintiff shall have available the same remedies that would be available to a plaintiff pursuant to Title VII."); *Thomas v. iStar Fin., Inc.*, 629 F.3d 276, 278 (2d Cir. 2010) (noting that the jury awarded plaintiff "front-pay, back-pay, and non-economic pain and suffering damages" for race discrimination and retaliation in violation of Title VII); *Gonzalez v. Bratton*, 48 F. App'x 363, 364 (2d Cir. 2002) (stating that "the jury awarded damages of $800,000 in front pay, $200,000 in back pay, [and] $250,000 in compensatory damages" against defendants for, *inter alia*, constructive discharge and retaliation in violation of Title VII); *Kuper v. Empire Blue Cross & Blue Shield*, No. 99 CIV. 1190JSGMHD, 2003 WL 23350111, at \*1 (S.D.N.Y. Dec. 18, 2003), *report and recommendation adopted*, No. 99-CV-1190, 2004 WL 97685 (S.D.N.Y. Jan. 20, 2004) (noting that plaintiff "sued BCBS for disability employment discrimination under the ADA and the NYSHRL," and, "after a five-day trial held in October 2002, the jury found for plaintiff, awarding him $116,378.00 in back pay, [and] $121,122.00 in front pay").

26

## VI.   <u>PROPOSED GENERAL DELIBERATION INSTRUCTIONS</u>

I will now provide you with general instructions concerning how you should go about arriving at your verdict.  Your verdict is essentially your decision regarding the facts in this case, and more specifically, whether or not they demonstrate by a preponderance of the evidence that defendant has broken the law.

**Joint Instruction No. 23:  Right to See Exhibits and Hear Testimony;  Communications with Court**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony -- in fact any communication with the Court -- should be made to me in writing, signed by your foreperson, and given to one of the marshals. In  any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous  verdict is reached.

**SOURCE:**  4 Modern Fed. Jury Instr.-Civil 78.01, 78-1.

**Joint Instruction No. 24:  Duty to Deliberate/Unanimous Verdict**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**SOURCE:**    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §106.01, 106:16 (5th ed. 2000).

**Joint Instruction No. 25:  Election of Foreperson/Special Verdict Form**

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court. Verdict forms have been prepared for your convenience.

*[Read forms of verdict]*.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree.  You will then return with your verdict to the courtroom.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:04 (6th ed.).

29

**Joint Instruction No. 26:**     **Verdict Forms -- Jury's Responsibility**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:07 (6th ed.).

**Joint Instruction No. 27:**      **Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in Court.  Once your verdict is announced by your foreperson in open Court and officially recorded, it cannot ordinarily be revoked.


**SOURCE:**  4 Modern Fed. Jury Instr.-Civil 78.01, 78-6.

31

**Joint Instruction No. 28:  Juror's Electronic Communications**

During your deliberations, I remind you that you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as cell phones, iPhones, Blackberries, the Internet, e-mail, text messaging, Twitter, any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 103:04 (6th ed.).

**Joint Instruction No. 29:      Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

**SOURCE:**  Adapted from Instruction 71-4, <u>Modern Federal Jury Instructions—Civil</u> (LexisNexis 2009 ed.).

33