UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ERIN JONES,

                             Plaintiff,

           -against-

THE CITY OF NEW YORK,

                          Defendant.
-------------------------------------------------------------------------x

**JOINT PROPOSED VOIR DIRE QUESTIONS**

**Docket No.: 17 Civ. 4894 (AT) (KP)**

The parties, plaintiff **ERIN JONES** ("Plaintiff"), by her attorneys, **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, and defendants **THE CITY OF NEW YORK** ("Defendants" or "the City"), by its attorney, James E. Johnson, **CORPORATION COUNSEL FOR THE CITY OF NEW YORK**, submit the following Joint Proposed Voir Dire Questions in the above-captioned matter:

### Plaintiff's Proposed Voir Dire Questions:

This is a civil case. The Plaintiff, Erin Jones, brought this case against the Defendant, The City of New York. She claims that the Defendant has violated the law against disability discrimination by refusing to offer her a reasonable accommodation for her disability, so that she could perform the essential functions of her job as a secretary for the New York City Police Department's Brooklyn Court Section.

There is one Defendant in this case and that is The City of New York. Even though Ms. Jones was a secretary for the New York City Police Department, her actual employer was The City of New York, and that is why The City of New York has been named as the Defendant in this case.

Now I will begin my questions.

1.  Have any of you heard of this case before today?  Would your ability to serve impartially as a juror be affected by what you have heard?

2.  Is there anything about the nature of this case that would affect your ability to be fair to both sides?

3.  There is one Plaintiff in this proceeding, Erin Jones.  Ms. Jones is represented by Robert Raskopf, Silpa Maruri, Nicola Felice, and John Fitzhenry of the law firm Quinn Emanuel Urquhart & Sullivan, LLP.  There is one Defendant, The City of New York.  The City is represented by Devin Cohen and Jack Shaffer of the New York City Law Department Office of the Corporation Counsel, Labor and Employment Law Division.  The Defendant and Plaintiff are sometimes collectively referred to as the parties.  Do any of you know any of the parties, their counsel, the New York City Law Department Office of the Corporation Counsel, or the law firm Quinn Emanuel Urquhart & Sullivan, LLP.

4.  Have you, or has any member of your family or any close friend, ever been employed by, or had dealings with, any of the parties or their attorneys?

5.  Are you familiar with anyone else present in the courtroom, including your fellow  jurors, all Court personnel, or myself?

6.  Have you, or anyone you know, done business with, or in any other way have a relationship, personally or professionally, with The City of New York.

7.  Have you, or anyone you know, ever worked for The City of New York or an agency of The City of New York?

8.  Have you, or has any member of your family or any close friend, ever participated  in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant? If  so, what kind of case?  What was your role in that case?

9.    Do you or a family member have a disability that impacts your day-to-day life?  If so, will that impact your ability to be impartial in this case?

10.    Do you have any opinions about persons with disabilities in general that would affect your ability to be fair and impartial in a lawsuit where the plaintiff is a person with a disability?

11.    Do you have any personal or professional experience with disability discrimination?

12.    Do you have any personal or professional experience with providing training or compliance with federal, state or city disability discrimination laws?

13.    Have you ever felt discrimination based on your race, age, disability, color, religion, sex, or national origin?

14.    The following people may be called as witnesses in this case or be referred to in testimony in this case. Please raise your hand if you know any of these people:

    a.    Erin Jones
    b.    Dr. Walter Yee
    c.    Dr. David Lichenstein
    d.    Sergeant Rebecca Mayo
    e.    Dr. Arnold Goldman
    f.    Darlene Page
    g.    Lisa Atkinson

15.    As I told you, I expect this trial to take approximately 3 to five days.  Do any of you have any physical problems or an extraordinary personal hardship that would prevent you from  serving in this case for the amount of time I have indicated?  Do any of you have opinions or feelings, whether positive or negative, about disabled people who claim discrimination?

16.    Do you have any difficulty with your sight or hearing that could affect your  perception of the proceedings?

17.    Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

18.    Do any of you have any difficulty understanding or reading English?

19.    Do any of you have any religious, moral, or ethical beliefs that would prevent you from passing judgment on another person?

20.    I don't know if the case will generate any publicity, but if it does, will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers, or listening to any radio or television reports concerning the case, until after it is over? If not, please raise your hand.

21.    Under the law, the facts are for the jury to determine and the law is for the Court. These two areas are separate and distinct. At the end of the case, I will instruct you on the law, and you are required to accept the law as I explain it to you. It will be your job to determine the facts on the basis of the law as I have explained it to you. Do any of you feel that you would be unable to follow my instructions in this regard?

22.    You are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and not on the basis of conjecture, suspicion, sympathy, or prejudice. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

23.    I will instruct you that the Plaintiff has the burden to prove her case. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

24.    Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice, positive or negative, based on disability that may inhibit your ability to be a fair and impartial juror in this case?

25. I'm now going to ask each of you a few questions designed to give the parties a better sense of you as a person.

26. Where do you reside?

27. How old are you?

28. Do you have any disabilities?

29. What is the highest level of schooling you have completed?

30. What is your current employment and job title?

31. How long have you held your current position? If retired, what did you do before?

32. Have you ever worked for The City of New York? If yes, then when, for what agency, and for how long did you work there?

33. Have you ever worked for the New York City Police Department, specifically? In what capacity?

34. Do you have a spouse or partner? If so, how is he or she employed? Do you have any children? How old are they? What do they do for a living? Is there anyone else living in your household? Who? What do they do for a living?

35. What is your principal source of news?

36. What types of magazines, newspapers, and books do you read on a regular basis?

37. What television programs do you watch on a regular basis?

38. Do you belong to any associations or clubs or unions?

39. What do you do in your spare time?

40. During the past five years, have any of you served on a jury or been excluded from a jury?

41.    If yes, was it a civil or criminal case?  If civil, what, in general, was the case about?  Without telling me the outcome, or who won, please tell me whether the jury reached a verdict.

42.    Will you be able to put aside your prior jury experience as you sit in this case to ignore completely anything you learned about the law or evidence in those cases, and decide this case solely on the basis of the evidence that we submit during this trial and on the law as the Court instructs?

43.    Under the law, all parties to a lawsuit must be treated equally and fairly based solely on the evidence presented.  Would any member of the jury panel have any difficulty deciding in favor of the Defendants, and awarding no compensation whatsoever to Plaintiff if the evidence and the law supported that conclusion, despite any sympathy you may have for Plaintiff?

44.    Would any member of the jury panel have difficulty being fair to The City of New York because it is not an individual?

45.    Has anyone on the jury panel or a member of your family or a close friend ever been employed by the Department of Justice or the Equal Opportunity Employment Commission?

46.    Other than what you have heard so far in this Courtroom, does any member of the jury panel have any knowledge whatsoever concerning this case?

47.    Have you or anyone in your immediate family attended law school or had any other training in the law?  If so, will you put whatever knowledge of the law you may have acquired before today aside and promise to only apply those legal principles that the Court instructs of you?

48.   Have you, or any member of your family or a close friend or relative ever been involved in a lawsuit as a Plaintiff or Defendant?  If so, do you have any fixed ideas or opinions concerning lawsuits which would affect your judgment in this case or make it difficult for you to decide this case fairly based solely on the evidence presented to you?

49.   Have you, or any member of your family or a close friend or relative ever been charged with investigating a discrimination complaint?  If so, explain the basis, the process, and the outcome of the investigation.

50.   Have you ever filed a discrimination complaint?  If so, explain the basis, the process, and the outcome of the investigation.

51.   Do you have any strong opinions concerning the Courts or the legal system?  Would those opinions affect your ability to be impartial in deciding this case?

52.   Do you believe that lawsuits are too common?  Would those opinions affect your ability to be impartial in this case?

53.   Do you assume all lawyers are rude, abrasive, and aggressive?  If so, will that assumption prevent you from rendering an impartial and fair verdict in this matter?

54.   Do you feel that just because a Plaintiff brings a lawsuit that he should be awarded compensation regardless of what the facts and evidence show and whether he has met his burden of proof?

55.   Do you feel that a Plaintiff needs to meet a heavy burden in order to be awarded compensation regardless of what the facts and evidence show?

56.   As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting  as a fair and impartial juror. So let me ask you one final time, is there anything –

whether I have asked specifically about it or not – that would affect your ability to render a fair and impartial verdict in this case?

## Defendant's Proposed Voir Dire Questions:

First, I would like to give you a brief summary of what this case is about. Plaintiff, Erin Jones, was formerly employed by the New York City Police Department as a secretary. She is alleging that her employer, the defendant, the City of New York, unlawfully denied her a reasonable accommodation; defendant denies this allegation.

1. As I mentioned, the plaintiff in this case is Ms. Erin Jones. Ms. Jones was a Secretary with the New York City Police Department ("NYPD"). Is anyone acquainted with the plaintiff?

2. The plaintiff, is represented by Robert Raskopf, Silpa Maruri, and Nicola Felice from the law firm Quinn, Emanuel Urquhart, and Sullivan, LLP. Does anyone know or has anyone heard of counsel for plaintiff?

3. The defendant in this case is the City of New York, which is represented by Kevin Shaffer and Devin Cohen from the Office of the Corporation Counsel of the City of New York. Does anyone know or has anyone heard of counsel for the defendant? What neighborhood do you live in?

4. What is your occupation?

    1) How long have you been active in that field?

    2) Please describe your position, job duties, and employment history.

5. Are you married or do you live with someone?

    1) If so, what is that person's occupation?

6. Do you have children?

8

1)     If yes, how many?

2)     What are their ages?

3)     What are their occupations, if any?

7.     Are you or is any member of your family acquainted with any of the following persons who may be called as witnesses or mentioned at the trial of this case?

1)     Dr. Walter Yee

2)     Dr. David Lichtenstein

3)     Dr. Arnold Goldman

4)     Sergeant Rebecca Mayo

5)     Darlene Page

6)     Lisa Atkinson

8.     Do you have any opinions about the City of New York and/or the NYPD that you think would affect your ability to render an impartial verdict in this case?

9.     Do you or any members of your family or any of your close friends currently work for or have ever worked for the City of New York, in particular the NYPD?

10.     Have you or any members of your family or any of your close friends ever been a plaintiff or a defendant in a lawsuit?

1)     If so, please describe the circumstances.

2)     Has the City of New York been a defendant in any of these lawsuits?

11.     Have you or any members of your family or any of your close friends ever owned your own business or been self-employed?

1)     If so, please state when and describe the circumstances.

12. Have you or any members of your family or any of your close friends ever supervised other workers?

    1) If so, please state when and describe the circumstances.

13. If the plaintiff is unable to prove her case, do any of you have a problem sending the plaintiff home with no money? Or do you feel that because the plaintiff brought a lawsuit and it has proceeded this far, there must be some merit to her claims and therefore, she is entitled to some money?

14. Have you or any members of your family or any of your close friends ever filed a charge of discrimination with any government agency or lawsuit claiming that an employer committed an unfair labor practice?

    1) If so, please state when and describe the circumstances.

15. To your knowledge, have you or any members of your family or any of your close friends ever suffered from a cardiac or respiratory condition?

    1) If so, did this condition require a change in your/their work schedule or routine?

16. Have you or any members of your family or any of your close friends ever sought a disability accommodation at work?

    1) If so, please state when and describe the circumstances.

    2) If so, did this accommodation concern a cardiac and/or respiratory condition?

17. Have you or any members of your family or any of your close friends ever served on a jury before?

    1) If yes, was that in a civil or criminal case?

    2) What type of case was it?

    3) Did the jury reach a verdict?

18.    Do you have any problem serving on a jury?

    1)    Is there anything about the responsibility of sitting in judgment on another person's lawsuit that bothers you in any way?

    2)    If so, please describe how you feel about this?

19.    Can you base your decision solely upon the evidence and law, and not upon your sympathy or personal dislike for any of the parties, witnesses or lawyers?

20.    Can you follow the judge's instructions on the law to apply in this case, even if you disagree with the law?

21.    If you were one of the parties to this case, is there any reason why you would be hesitant to have the case heard by a juror in your frame of mind?

22.    Do you know of any reason you cannot or might not give any of the parties in this case a fair trial?

23.    Are you taking any medication that would impair your ability to concentrate on the testimony, the arguments of the attorneys and/or the court's instructions?

24.    Do you have any health problem(s) that would impair your ability to give this case your complete attention?

25.    Does any member of your immediate family have a health problem that would impair your ability to concentrate fully on the testimony in this case?