**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIN JONES,<br><br>                    Plaintiff,<br><br><br>                         v.<br><br>THE CITY OF NEW YORK,<br><br>                    Defendants. | Case No. 17-cv-04894-AT-KHP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE PERTAINING TO PLAINTIFF'S LEAVES OF ABSENCE BEFORE JULY 2015 AND PLAINTIFF'S DISCIPLINARY HISTORY**

Plaintiff Erin Jones ("Ms. Jones") respectfully requests that the Court exclude as irrelevant and prejudicial all evidence relating to her leaves of absence before July 2015 and her disciplinary record as an employee of the New York City Police Department ("NYPD"). Relatedly, Ms. Jones requests that the Court preclude Defendant The City of New York ("the City") from eliciting testimony from Ms. Jones' relating to that evidence.

After the Court's summary judgment order, the sole issue for trial pertains to Ms. Jones's claim that the City violated her rights under the Americans with Disabilities Act by failing to offer her a reasonable accommodation. Rather than focus on the merits of Ms. Jones's claims or the events relating to her 2016 request for a reasonable accommodation, the City instead focuses on collateral issues that have nothing to do with this case—such as Ms. Jones's leaves of absence prior to July 2015 and suspensions that occurred six and twelve years ago, long before her request for a reasonable accommodation. But Ms. Jones's work absences and disciplinary record are

irrelevant to the sole issue at trial. Moreover, allowing evidence and testimony regarding Ms. Jones's absences and suspensions risk unfairly prejudicing Ms. Jones in the eyes of the jury and confusing the jury as to the relevant issue in this case. Accordingly, Ms. Jones requests that the Court preclude the City from offering evidence and eliciting testimony on these topics.

## ARGUMENT

Evidence of Ms. Jones's absences prior to July 2015 and her disciplinary record as an NYPD employee, should be excluded, and testimony concerning those subjects precluded, for at least two reasons. *First*, Ms. Jones's absences and disciplinary record have no bearing on whether the City is liable to Ms. Jones for its failure to provide Ms. Jones with a reasonable accommodation for her disabilities. *Second*, evidence and testimony concerning Ms. Jones's absences and disciplinary record will only prejudice the jury and confuse the issues by injecting collateral issues that do not bear on whether the City denied Ms. Jones a reasonable accommodation in 2016.

**I.      Evidence and Questioning Regarding Ms. Jones's Absences and Disciplinary Record Should be Precluded as Irrelevant**

Evidence and testimony regarding Ms. Jones's absences and disciplinary record do not meet the minimal relevancy standard under Rule 401. *See* Fed R. Civ. P. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

To prove that she was entitled to a reasonable accommodation in 2016, Ms. Jones must demonstrate that she is a "qualified individual" able to perform the essential functions of her position as a secretary for the NYPD with a reasonable accommodation. *See McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009); *see also McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013). Importantly, "only a minimal showing of qualification" is required for Ms. Jones to satisfy that element of her prima facie case. *See Owens v. New York City*

2

*Housing Auth.*, 934 F.2d 405, 409 (2d Cir. 1991) ("Owens only needs to demonstrate that she 'possesses the basic skills necessary for performance of [the] job.'" (citation omitted)).  Courts have therefore found an employer's allegation of poor performance or misconduct irrelevant to the question of whether an employee is a "qualified individual" because it conflates the plaintiff's objective qualifications for the job—the proper focus for the "qualified" element of the prima facie case—with the adequacy of plaintiff's performance.  *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 172 (2d Cir. 2006) (explaining that the plaintiff's misconduct could not inform the question of whether plaintiff was qualified for his position at CDC); *Bar-Tur v. Arience Capital Mgmt., L.P.*, 2011 WL 565333, at *8 (S.D.N.Y. Feb. 9, 2011), *aff'd in part, vacated in part on other grounds, remanded*, 490 Fed. App'x 392 (2d Cir. 2012) (rejecting contention that Plaintiff was not qualified based on job performance because that "is not part of Plaintiff's prima facie case"; "all Plaintiff must show is that she possesses the basic skills necessary for the performance of the job").[1]

Based on the City's memorandum in support of its motion for summary judgment, it is clear that it intends to use evidence of Ms. Jones' absences and disciplinary record to attempt to show that "[P]laintiff could not perform the essential duties of her job, with or without accommodations" because "[p]laintiff was disciplined for time and leave issues multiple times

---

[1]    *See also Nguyen v. City & Cty. of Denver, Colorado*, 286 F. Supp. 3d 1168, 1182 (D. Colo. 2017) (rejecting defendant's arguments about plaintiff's performance issues unrelated to his hearing disability because they "conflate[d] the qualification question with performance issues unrelated to a plaintiff's disability"); *Angell v. Fairmount Fire Prot. Dist.*, 907 F. Supp. 2d 1242, 1251 (D. Colo. 2012), *aff'd*, 550 Fed. App'x 596 (10th Cir. 2013) ( finding Plaintiff's "gross fiduciary failures" during the course of his employment "entirely irrelevant to the issue of whether Plaintiff was qualified to perform the essential functions of his job"); *Carter v. Potter*, 2004 WL 2958428, at *10 (E.D. Pa. Dec. 21, 2004) (finding that arguments regarding whether plaintiff adequately performed his duties "impermissibly conflate[d] the stated reason for firing plaintiff with the prima facie requirement that he be qualified for the job.").

during her seventeen (17) years of NYPD employment between 1998 and 2015." D.I. 123 at 7. The City's improper focus on the discipline and absence issues is confirmed by the exhibits it submitted on summary judgment and by the questions it pursued at Ms. Jones's deposition. *See, e.g.*, D.I. 123, Exs. A, (Jones Dep. 11:14-17:4; 17:5-18), F, R, S; D_000450-4533; D_000477-78; D_000184; D_000248; D_000290;

But as the foregoing cases demonstrate, such evidence is legally irrelevant to the issue of whether or not Ms. Jones was a "qualified individual" as that term is defined by the Americans with Disabilities Act ("ADA"). Ms. Jones's job performance cannot inform the question of whether Ms. Jones was qualified to perform the duties of the Secretary III position she held before being terminated. Such evidence is therefore irrelevant to the issue for which the City seeks to use it. Therefore, the Court should preclude the City from offering that evidence at trial or eliciting testimony regarding Ms. Jones's disciplinary record and absences.

Moreover, even if evidence of Ms. Jones's disciplinary record and absences were not irrelevant as a matter of law, they would still be irrelevant based on the facts of this specific case because Defendant's admissions and the uncontroverted evidence demonstrate that Ms. Jones was qualified to perform the Secretary III position in 2016. The City has admitted as much a least twice over. First, the City internally approved Ms. Jones's request for a reasonable accommodation in a memo stating that "Secretary 3 Jones was evaluated by the NYPD Medical Division on November 17, 2016," and, based on that evaluation, she was "granted the reasonable accommodation of a transfer to a command closer to her home and to be assigned to a morning tour with no mandatory overtime." D_000444. Granting Ms. Jones's request for a reasonable accommodation implicitly admits that Ms. Jones could perform the essential functions of her position with the accommodation that the City granted her. And second, the City's own Deputy

Chief Surgeon, Dr. David Lichtenstein found Ms. Jones "medically able to perform the duties of a Secretary" in August of 2016.  D_000505.[2]  That "[p]laintiff was disciplined multiple times for time and leave issues during her seventeen (17) years of NYPD employment *between 1998 and 2015*," D.I. 123 at 7 (emphasis added), does nothing to affect the inescapable conclusion that Ms. Jones was qualified to perform the functions of her position when she applied for a reasonable accommodation in September 15, 2016.  *See* D_000539.  Defendant's employees admitted as much by recognizing that Ms. Jones was entitled to a reasonable accommodation in 2016.  The Court should therefore grant Plaintiff's motion for that additional reason.

II.     **Questioning and Evidence Regarding Ms. Jones's Absences and Disciplinary Record Should be Precluded as Unfairly Prejudicial and Confusing**

Even if evidence and questioning concerning Ms. Jones's absences and disciplinary record had any probative value (it does not) that value is substantially outweighed by the possibility of unfair prejudice or juror confusion.  *See* Fed. R. Evid. 403 ("The court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following:  confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").  On the issue of unfair prejudice, Ms. Jones's credibility is of critical importance to the strength of her case, and evidence of her disciplinary record and absences risks inducing a jury verdict on something other than the facts of this case.  Specifically, the jury could deem Ms. Jones less deserving of a reasonable accommodation because she took leaves of absence unrelated to her disability or because she was charged with certain instances of misconduct, despite the fact that those absences and instances are irrelevant to her claim as discussed above.

---

[2]  Consistent with the City's admissions, Ms. Jones's doctor "reviewed her job function as a level 3A secretary" and also found her "capable of performing those duties from a medical point of view both mentally and physically" in August 2016.  D_000455.

Evidence of Ms. Jones's absences and disciplinary record also risks confusing the issues, misleading the jury, and wasting time.  The central question in this case is straightforward:  did the City discriminate against Ms. Jones by denying her a reasonable accommodation?  Allowing questioning and evidence regarding Ms. Jones's disciplinary record and absences over a seventeen year span—from 1998 until 2015—only increases the possibility that this presently straightforward trial will devolve into a trial on issues completely unrelated to Ms. Jones's disabilities and her reasonable accommodation request.  As a result, any probative value in Ms. Jones's disciplinary record and absences is outweighed by the possibility of confusing the jury, unfairly prejudicing Ms. Jones, and wasting this Court's time.  For those reasons, the Court should exclude evidence relating to Ms. Jones's absences and disciplinary record, and preclude questioning on the same.

## IV.    Conclusion

For the foregoing reasons, Ms. Jones respectfully requests that the Court exclude evidence relating to her absences and disciplinary record, and preclude Defendants from eliciting testimony regarding Ms. Jones's absences before July 2015 and her disciplinary record during the course of her employment with the NYPD.

Dated:   May 8, 2020

Respectfully submitted,

/s/ *Robert Raskopf*

Robert Raskopf
Silpa Maruri
Nicola Felice
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, Floor 22
New York, New York 10011
Telephone: (212) 849-7000


**ATTORNEYS FOR
PLAINTIFF ERIN JONES**

## **CERTIFICATE OF SERVICE**

A copy of the foregoing motion was served on all counsel of record for the parties via

CM/ECF on May 8, 2020

/s/ *Robert Raskopf*
Robert Raskopf