**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIN JONES,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE CITY OF NEW YORK,<br><br>　　　　　Defendant. | Civil Action No. 1:17-cv-04894-AT-KP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE DEFENDANT FROM REFERENCING OR INTRODUCING EVIDENCE OF PLAINTIFF'S ALLEGED PAST MISCONDUCT**

Plaintiff Erin Jones ("Ms. Jones") respectfully submits this motion *in limine* to preclude Defendant the City of New York ("the City") from referencing or introducing evidence concerning alleged prior domestic incidents in which police were involved. Ms. Jones challenges the veracity of the documents described below because, despite statements in the documents to the contrary, she maintains that she was never arrested or charged with a misdemeanor. Assuming without admitting the accuracy of the documents, however, Ms. Jones's alleged prior domestic disputes have no bearing on the sole issue presented by this case: whether the City failed to provide her with a reasonable accommodation for her known disability when she worked in the New York City Police Department's ("NYPD") Brooklyn Court Section. Nor could the City appropriately use these alleged past incidents as proper means of impeaching or cross examining Ms. Jones. Their introduction at trial could only unduly prejudice Ms. Jones's case. Therefore, neither evidence of nor reference to the incidents should be allowed before the jury.

**I.      The Alleged Incidents Are Not Relevant To The Case And Are Highly Prejudicial To Ms. Jones**

The alleged incidents in question appear on certain documents produced by the City during this litigation, including in an "Officer Resume" from the NYPD's Internal Affairs Bureau. *See* D_000313-14; D_000912-13 (same); *see also* D_000511 (reports one arrest and one misdemeanor); D_000936 (same). The Officer Resume lists two "Misconduct Case[s]": (1) an incident from August 29, 2004, involving alleged domestic menacing and a verbal dispute, and (2) a June 30, 2012, incident involving an alleged landlord-tenant dispute. D_000313-14. The disposition listed for both entries is "Unsubstantiated." *Id.*

Neither of these alleged incidents have arguable relevance to the issues at hand. Under Federal Rule of Evidence 401, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The case to be presented to the jury concerns the single, narrow question of whether the City failed to provide Ms. Jones with a reasonable accommodation for her disability. The alleged incidents described above are irrelevant to every issue that reasonably could be raised in answering that question such as the reasonableness of the Ms. Jones's requested accommodation, whether the City failed to grant an accommodation, whether the parties cooperated in resolving Ms. Jones's request, etc. Thus, under Rule 401, such evidence fails to satisfy the basic relevance requirement for admissibility.

Apart from the incidents' lack of probative value, they could be highly prejudicial to Ms. Jones's case if they were presented to or referenced in front of the jury because they can only (improperly) affect the jury's assessment of Ms. Jones's character. Even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  As described in Plaintiff's

Motion *in Limine* No. 1, the prejudicial effect of such collateral issues presents a substantial risk

to her case.  Thus, the evidence in question is inadmissible under Rule 403 as well.

**II.      The City Cannot Use The Alleged Incidents As A Proper Means Of Impeachment**

Federal Rule of Evidence 608(b) permits a party to impeach a witness with past instances

of misconduct, such as prior arrests, "if they are probative of the character for truthfulness or

untruthfulness of ... the witness." Fed. R. Evid. 608(b).[1]  In the Second Circuit, "[t]he law is clear

that arrests alone are not probative of truthfulness or untruthfulness." *United States v. Del Rosario*,

2012 WL 2354245, at *5 (S.D.N.Y. June 14, 2012).  That the records in question describe the

incidents as "unsubstantiated" and that Ms. Jones was never convicted militates against making

these hazy incidents available for impeachment.

This conclusion is further supported by the fact that the incidents are not "on [their] face,

probative of credibility," nor would the resulting offenses involve "making a false statement [as]

an element." *United States v. Khalil*, 2005 WL 3117195, at *2 (2d Cir. Nov. 22, 2005).  Because

"the acts at issue do not speak to [Ms. Jones's] reliability or credibility" as a witness, *United States

v. Pena*, 978 F. Supp. 2d 254, 266 (S.D.N.Y. 2013), the Court may properly exclude them as a

subject of cross examination under Federal Rule 608(b).  *Stephen v. Hanley*, No. 03-CV-6226

(KAM)(LB), 2009 WL 1471180, at *8 (E.D.N.Y. May 21, 2009) ("None of the unproven charges

---

[1]   Because the Internal Affairs Bureau records do not indicate that Ms. Jones was convicted in either incident, Rule 609's exception, permitting impeachment based on prior criminal convictions, is inapplicable.

or prior arrests bear on [the witness's] character for truthfulness and, thus, are [ ] inadmissible pursuant to Rule 608.").

For the foregoing reasons, Ms. Jones requests that the Court preclude any use of above-described incidents at trial.

Dated:  May 8, 2020                          Respectfully submitted,

                                        By: /s/ *Robert Raskopf*
                                        Robert Raskopf
                                        Silpa Maruri
                                        Nicola Felice
                                        QUINN EMANUEL URQUHART
                                        & SULLIVAN LLP
                                        51 Madison Avenue, 22nd Floor
                                        New York, New York 10010
                                        Tel.: (212) 849-8700
                                        Fax: (212) 849-7100
                                        robertraskopf@quinnemanuel.com
                                        silpamaruri@quinnemanuel.com
                                        nicolafelice@quinnemanuel.com

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing motion was served on all counsel of record for the parties via

CM/ECF on May 8, 2020

/s/  *Robert Raskopf*
Robert Raskopf
