**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7346**

WRITER'S INTERNET ADDRESS
nicolafelice@quinnemanuel.com

July 21, 2022

<u>**BY ECF**</u>

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Jones v. The City of New York*, 17 Civ. 4894 (AT)

Dear Judge Torres:

Plaintiff writes with regards to two evidentiary issues in the above captioned matter relating to the Court's admission of Defendant's Exhibit I and request that the Court admit Plaintiff's Exhibit 34, as both self-authenticating and not hearsay.

### **<u>Defendant's Exhibit I</u>**

Plaintiff respectfully requests that the Court strike from evidence or redact, as described below, Defendants' Exhibit I, the call notes of Sgt. Rebecca Mayo and other staff at the military and extended leave desk ("MELD"). The Court admitted Exhibit I over Plaintiff's objection during trial on July 21, 2022.

There are multiple evidentiary issues with respect to Exhibit I. The document was admitted through Sgt. Mayo, whose purported authentication of the document was substantially deficient. July 21 Trial Tr. at 356:13-357:3.

Sgt. Mayo cannot authenticate this document in its entirety. Defendant elicited testimony from Sgt. Mayo stating that: "We *typically* input the notes either while they are happening or as soon as they happen, that day for sure. Because you can't go back in time. You have to enter them that day for the date to be the date it happens." July 21 Trial Tr. at 351:3-6. Sgt. Mayo's equivocal generalization about the creation of the statements in this record is not sufficient to satisfy the

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | SYDNEY | MUNICH

business record requirements. *See* Fed. R. Evid. 803(6)(D) (requiring that "all these conditions are shown by the testimony of the custodian or another qualified witness . . .") & (A) (requiring that "the record was made at or near the time by—or from information transmitted by—someone with knowledge"). This is contrary to Defendant counsel's characterization of the testimony in seeking its admission. *See id*. at 354:2-5 ("The witness has established that this is a business record of New York City Police Department and has stated that ***every single entry is taken contemporaneously*** with the conversation on the date that they occur.") (emphasis added).

Moreover, Sgt. Mayo offered no testimony as to personal knowledge that all notes were made contemporaneously, neither her own notes, nor the notes made by others. *See* Exhibit I (showing notes from Barbara Agostino, Wendy E. Townes, Shanae E. Middleton, Alycia R. Chillemi, Diana Galperin, Ronda L. Charles, Sharon L. White, and Michelle Artis). Without testimony that Sgt. Mayo had personal knowledge that each record was made contemporaneously, these entries cannot be verified and the document cannot be admitted without calling each of these individuals to the stand to verify that their notes were recorded contemporaneously with the calls they describe. *See* Fed. R. Evid. 901(b)(1);

Nor is the document admissible as a business record in the first place. "Under Rule 803(6), a business record is not excluded by the rule against hearsay if the record was made at or near the time by—or from information transmitted by—someone with knowledge, the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit, making the record was a regular practice of that activity, all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification, and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Gem Fin. Serv., Inc. v. City of New York*, No. 13-CV-1686 (RPK)(RER), 2022 WL 409618, at *10 (E.D.N.Y. Feb. 10, 2022) (citing Fed. R. Evid. 803(6)(A)-(E)). "'[R]ecords created in anticipation of litigation do not fall within' the exception." *Id*. (citing *States v. Feliz*, 467 F.3d 227, 234 (2d Cir. 2006)). The primary consideration is whether "the record has sufficient indicia of trustworthiness to be considered reliable." *Id*. (citing *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 101 (2d Cir. 1995)).

Defendant's Exhibit I clearly fails the business records exception. *Gem Fin. Serv., Inc. v. City of New York* is instructive. No. 13-CV-1686 (RPK)(RER), 2022 WL 409618 (E.D.N.Y. Feb. 10, 2022). There, plaintiff sought to admit NYPD contact logs as business records. *Id*. at *10. But, those logs were "appear[] to have been created in anticipation of the litigation." *Id*. at *11. So too with Defendant's Exhibit I. Sgt. Mayo testified that she understood documents such as this could end up in court. July 21 Trial Tr. at 368:24-25 ("I do realize these are documents that could go to court."), 369:16-22 ("[Q.] You just testified that you think about the possibility that these documents come into court when you are drafting them, correct? A. Every police officer thinks about everything they ever document, I think, because we are taught in the police academy that anything can be used anywhere. We are police officers. That's our job.").

Moreover, the document contains hearsay within hearsay. Numerous entries list the purported statements of Ms. Jones, union representative, or other persons who are not the note-writers, and are not before the Court. *See e.g.*, Exhibit I at '551 ("Det.Bolte from CJB called on

2

behalf of the member due to the fact that her command is trying to change member's tour/RDO's which she feels that would lead to a case that member will report AWOL. She states that she has been going to work with the schedule that she has with know problems."). Even if the record were admissible as a business records, these statements would not admissible unless each has an independent basis for admissibility. *See* Fed. R. Evid. 805. These declarants—separate and apart from MELD employees—"are under no business duty to report information . . . and thus are not covered by the business record exception to hearsay." *United States v. Chen Kuo*, No. 10-CR-671 S-1 KAM, 2011 WL 145471, at 812 (E.D.N.Y. Jan. 18, 2011); *see also Olutosin v. Gunsett*, No. 14-CV-00685 (NSR), 2019 WL 5616889, *15 n.17 (S.D.N.Y. Oct. 31, 2019) (agreeing with the *Chen Kuo* Court's reasoning).

In these circumstances, the appropriate means of admission is to redact the hearsay statements within the document. *See Mitchell v. Sun Drilling Prod., Inc.*, No. CIV. A. 95-1487, 1996 WL 411613, at *2 (E.D. La. July 22, 1996) ("The first document, that of Craig Garrett an employee of Sun, constitutes the written statement of a Sun Drilling Products employee and would be a business record; however, it contains hearsay within hearsay. Therefore, the redacted version attached hereto as Exhibit No. 1 will be admitted.").[1]

Plaintiff therefore respectfully requests that Defendant's Exhibit I and statements contained therein be stricken from the record. Alternatively, Plaintiff respectfully requests that a redacted version of the document be admitted, removing references to (1) statements made by MELD employees other than Sgt. Mayo and (2) statements by any individuals other than the identified authors of each note.

**Admission of Plaintiff's Exhibit 34**

Plaintiff respectfully seeks admission of Plaintiff's Exhibit 34, which is self-authenticating non-hearsay. Exhibit 34 is titled "Reasonable Accommodation Procedural Guidelines, City of New York, 2015." Exhibit 34 at 1.[2] The document is promulgated by the Department of Citywide Administrative Services ("DCAS"). *Id*. Versions of these guidelines are available to the public. *See* NYC DCAS, Reasonable Accommodation Procedural Guidelines, 2021, available at *See* NYC DCAS, Reasonable Accommodation Procedural Guidelines, 2021, available at https://www1.nyc.gov/assets/dcas/downloads/pdf/agencies/reasonable_ accommodation_procedural_guidelines.pdf. The document includes the name of the (then) mayor of the City of New York and the name of the Commissioner of the Department of Citywide Administrative Services. *See* Exhibit 34 at 2.

---

[1] To the extent the Court believes that Plaintiff opened the door to her own hearsay statements in Exhibit I, *see* July 21 Trial Tr. at 362:12-13 ("MR. SIEBERT: Objection. Hearsay. THE COURT: You opened the door to hearsay."), Plaintiff respectfully requests that statements from individuals other than herself be redacted.

[2] Plaintiff refers to electronic PDF page numbers, rather than the page numbers on the document itself.

Exhibit 34 is self-authenticating under Rule 902(5). Rule 902(5) provides that "Official Publications" such as "[a] book, pamphlet, or other publication purporting to be issued by a public authority" are self-authenticating. Fed. R. Evid. 902(5). "Rule 902(5) is most often construed to cover the governmental bodies listed in Fed. R. Evid. 902(1), which provides for self-authentication of domestic publication documents under seal," including "(1) the United States, (2) any State, (3) any district, commonwealth, territory, or insular possession of the United States, (4) the Panama Canal Zone, (5) the Trust Territory of the Pacific Islands, or (6) a political subdivision, department, officer, or agency of any of the preceding bodies." *Williams v. Long*, 585 F. Supp. 2d 679, 687 (D. Md. 2008) (citing 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 902.07[1], at 902-30 (2d ed. Supp.2008)). The City of New York is a political subdivision of the State of New York. Posting information online is the functional equilent of publication. *Id*.

Furthermore, the document is not hearsay. Plaintiff intends to use the document for its legal effect. When offered for its legal effect, statements are not hearsay. *United States v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013) ("Even if the Order's relevance *did* lie in its legal effect, moreover, no hearsay problem would ensue, as the question whether a court's command imposes legal obligations on a party is outside the hearsay rule's concerns.") (emphasis in original); *see also* Fed. R. Evid. 801(c) advisory committee note. Here, the document imposes obligations on city agencies conducting reasonable accommodation processes, such as a timeline for reasonable accommodation procedures like Ms. Jones'. *See* Exhibit 34 at 7. That timeline is legal obligation on Defendant. *See* Exhibit 34 at 7 ("The appropriately authorized agency staff **must** engage in the interactive process with the requestor" by Day 10, after notice) (emphasis added).

Plaintiff therefore respectfully requests to admit Plaintiff's Exhibit 34 into evidence.

Respectfully submitted,

Quinn Emanuel Urquhart & Sullivan, LLP
Attorneys for Plaintiff
51 Madison Avenue, Floor 22
New York, New York 10011
(212) 849-7000


By: /s/ Nicola Felice
     Nicola Felice



cc: All counsel via ECF