

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | BILAL HAIDER<br>*Assistant Corporation Counsel*<br>Labor & Employment Law Division<br>(212) 356-3549<br>bhaider@law.nyc.gov |
|---|---|---|

July 22, 2022

**BY ECF**
Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Jones v. City of New York*
      Docket No. 17 CV 4894 (AT) (KP)

Your Honor:

  I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendant in the above-referenced action. Defendant respectfully submits this letter in response to plaintiff's letter dated July 21, 2022. (See ECF No. 217.)

### Defendant's Exhibit I was Properly Admitted

  During cross-examination of Rebecca Mayo, defendant moved into evidence records from the NYPD Military and Extended Leave Desk ("MELD") related to plaintiff as Defendant's Exhibit I. The Court properly entered Exhibit I into evidence as a business record pursuant Fed. R. Evid. 803(6). Defendant relies on the arguments made during sidebar in support of Exhibit I being entered into evidence as a business record. See July 21 Trial Tr. at 354:1-356:17. As defense counsel briefly stated during the aforementioned sidebar, defendant also contends that Defendant's Exhibit I is admissible under Fed. R. Evid. 612.

  "Rule 612 of the Federal Rules of Evidence gives opposing counsel the right to inspect at trial whatever is used to refresh recollection, to cross-examine the witness on it, and to introduce relevant portions into evidence." 20th Century Wear, Inc. v. Sanmark-Stardust, Inc., 747 F.2d 81, 93 n.17 (2d Cir. 1983). During the direct examination of Rebecca Mayo, plaintiff's

counsel used the document now in evidence as Defendant's Exhibit I[1] to refresh Mrs. Mayo's recollection. See July 21 Trial Tr. at 328:14-329:19. Later in the examination, plaintiff's counsel asked Mrs. Mayo to review the document again in a failed attempt to refresh her recollection. Id. at 342:23-343:18. During a subsequent sidebar, plaintiff's counsel stated, "Your Honor, I would like to ask questions relating to this document and then to the extent that she doesn't recall, for instance, whether or not Erin Jones had pneumonia, I would like to be able to refresh her recollection as to that fact." Id. at 345:1-6. Plaintiff certainly cannot dispute that they used Defendant's Exhibit I to refresh Mrs. Mayo's recollection. Therefore, defendant clearly had a right under Fed R. Evid. 612 to cross-examine Mrs. Mayo on Exhibit I and introduce Exhibit I into evidence.

Plaintiff also contends that some information in Defendant's Exhibit I should be redacted. Plaintiff requests to redact statements attributed to plaintiff in Defendant's Exhibit I claiming those statements are hearsay. This argument fails. An opposing party's statement is non hearsay under the Fed. R. Evid. 801(d)(2). Therefore, no statements attributed to plaintiff should be redacted. Furthermore, none of Mrs. Mayo's entries nor any entries made by employees of MELD related to plaintiff's claims should be redacted because Fed. R. Evid. 612 permits defendant to enter relevant portions of this document used to refresh Mrs. Mayo's recollection into evidence.

### **Plaintiff's Exhibit 34 is Not Admissible**

Plaintiff claims that Plaintiff's Exhibit 34 "imposes obligations on city agencies conducting reasonable accommodation processes." (See Pl's Ltr. Dated July 21, 2022, ECF No. 217.) However, plaintiff provides no citation to the trial record or any page of Plaintiff's Exhibit 34 to support this assertion. Therefore, plaintiff has not established the foundation required to show that Plaintiff's Exhibit 34 is relevant to plaintiff's claims. Furthermore, Plaintiff's Exhibit 34 appears to be complete. The table of contents of this document lists an "Overview" on page 1. However, Exhibit 34 does not contain this overview section nor does it contain page 1. The absence of this section and page thus defeats plaintiff's argument that Exhibit 34 is self-authenticating.

Additionally, plaintiff attempts to submit this record into evidence to establish a procedure of the City of New York. However, whether the guideline is a legal obligation to the City, as plaintiff claims it to be, has no consequence in this case. What controls is the parameters of the Americans with Disabilities Act, not any City guideline or directive. Allowing this document into evidence will cause jury confusion as to the relevant issues.

---

[1] Defendant's Exhibit I is a subset of the document plaintiff's counsel used to refresh Mrs. Mayo's recollection. Defendant's Exhibit I only includes entries for the time period relevant to this case.

Accordingly, defendant respectfully submits that Defendant's Exhibit I was properly admitted and Plaintiff's Exhibit 34 is not admissible.

Respectfully,

*/s/ Dominique F. Saint-Fort*
Dominique F. Saint-Fort
Assistant Corporation Counsel

*/s/ Bilal Haider*
Bilal Haider
Assistant Corporation Counsel

cc: **QUINN EMANUEL URQUHART & SULLIVAN, LLP** (by ECF)
*Attorneys for Plaintiff*
Attn: Nicola Felice
51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7346